### 26618. YOUNG v. THE STATE.

DECIDED MARCH 18, 1938.

*William A. Ingram, Herschel Parham,* for plaintiff in error.
*J. H. Paschall, solicitor-general, J. R. Whitaker,* contra.

GUERRY, J. The defendant was convicted of seduction. Code, § 26-6001. Exceptions were taken to the overruling of his motion for new trial as amended.

In the second ground of the amended motion for new trial it is stated that the defendant put up a witness to testify as to whether the girl alleged to have been seduced had hugged and kissed other men and her conduct toward them. Counsel for the defense stated to the court: "I am not insisting that the mere hugging and kissing only; what I am leading up to was the manner in which it was done, the passion that would indicate a lewd disposition. . . I anticipate his [the witness's] answer would be that besides kissing her he had felt of her body and things like that, and that she was very passionate." The court in sustaining the objection said: "The question of whether or not a girl previously hugged and kissed boys is irrelevant to the question as to whether or not she is physically pure, and I will rule out her testimony where she denies hugging and kissing this witness [she had previously been cross-examined in reference to this witness] and sustain the objections to the elicited evidence."

In *O'Neill* v. *State,* 85 *Ga.* 383 (11 S. E. 856), Judge Bleckley said: "Whether a particular woman had parted with her virginity before the alleged seduction took place is a question for the jury. The affirmative may be established by evidence, direct or circumstantial; and conduct tending to show a debauched mind, the loss of moral chastity, may be considered. The want of moral chastity may also be regarded on the question whether the woman, though a virgin, was really seduced, or whether she shared the intercourse for the gratification of lascivious propensities not inflamed by the acts or importunity of the accused." Legally speaking, "unmarried females who are virgins are virtuous." Although a girl may be a virgin, and therefore legally virtuous, facts and circumstances as to conduct with other men which may amount to lasciviousness, and which show a lack of moral chastity, are relevant matters for a jury to consider in determining the question whether the acts and promises of the alleged seducer procured her consent. As was said by Judge Bleckley, "At all events, she might be in such a state of readiness as to need only the form of seduction, without its substance, to win her consent." For the above reason we are of the opinion that the court committed error in ruling out this evidence and that a new trial must therefore be granted.

*Judgment reversed. MacIntyre, J., concurs. Broyles, C. J., dissents.*